The document below is hereby signed.

Signed: February 4, 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JANIS A. STEWART, | ) | Case No. 18-00482 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING
MOTION TO REOPEN AND STRIKING AMENDED LIST OF CREDITORS

On January 3, 2020, the debtor, Janis A. Stewart, filed a motion to reopen this case. For the following reasons, I will deny the motion to reopen and will strike as ineffective an *Amended List of Creditors* the debtor filed after filing the motion to reopen.

Pursuant to 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." This case was dismissed on December 13, 2018 (Dkt. No. 48), without a plan being confirmed. On April 18, 2019, after the trustee filed a final report and account showing the disposition of plan payments, the Clerk discharged the trustee and closed the case in accordance with 11 U.S.C. § 350(a). Even though the case is a

dismissed case, it is a closed case for which a motion to reopen may be filed. *See In re Ross*, 278 B.R. 269, 273 (Bankr. M.D. Ga. 2001) (holding that a case that is dismissed and subsequently closed may be reopened in accordance with § 350(b) without affecting the order of dismissal). For example, a dismissed case that has been closed might be reopened (without vacating the order of dismissal) in order to review the reasonableness of the fees of the debtor's counsel under 11 U.S.C. § 329(b). *But see Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir. 1982) (holding that a dismissed case is not a closed case and cannot be reopened).

Nevertheless, Stewart's motion to reopen fails to establish a basis for reopening the case. Stewart's motion seeks to "add[] . . . student loan, property tax, W2 [for] 2008, and mortgage fraud," and she states in her proposed order that she "cannot afford to pay the amounts" and that "the mortgage, student loan, and property taxes and W2 [for] year 2008 needed to be added." However, under 11 U.S.C. § 349(b)(3), the dismissal of the case revested the property of the estate in Stewart. There is thus no estate to be administered and, accordingly, Stewart has failed to establish under § 350(b) that it is necessary to reopen the case "to administer assets."

Similarly, Stewart has failed to establish under § 350(b)

that it is necessary to reopen the case "to accord relief to the debtor." Upon reopening, the case would remain a dismissed case in which Stewart is not entitled to the protection of the automatic stay against future collection efforts by creditors: under 11 U.S.C. § 362(c)(1) and (2), the dismissal terminated the automatic stay. Nor in a dismissed case is Stewart entitled to obtain a confirmed Chapter 13 plan or a discharge. Accordingly, nothing would be gained by reopening the case to permit Stewart to add creditors to the schedules.

Finally, Stewart has not shown any "other cause" under § 350(b) for reopening the case.

Stewart may mistakenly think that a reopening of the case would vacate the order dismissing the case. Reopening of a dismissed case is not the appropriate vehicle for setting aside an order dismissing the case. Instead, such relief must be sought via a motion under Fed. R. Bankr. P. 9023 or 9024. *See In re Finch*, 378 B.R. 241, 246 (B.A.P. 8th Cir. 2007), *aff'd*, 285 F. App'x 326 (8th Cir. 2008). Stewart's motion does not offer any grounds that, under those rules, would justify vacating the order dismissing the case, particularly in light of the case having been dismissed more than a year before Stewart filed her motion

3

to reopen the case.[1]  Stewart is free to commence a new case and pursue confirmation of a chapter 13 plan therein.

On January 6, 2020, Stewart filed an *Amendment to List of Creditors* listing at least one creditor that had not been listed before.  The Clerk docketed that filing, but the case not having been reopened, the filing ought to be treated as ineffective.  It would be inappropriate to reopen the case for the purpose of that filing being treated as effective: no relief to Stewart could flow (based on that filing) upon reopening the case.  For that reason, I will order that the *Amendment to List of Creditors* is stricken.  In an open case the filing of that *Amendment to List of Creditors* would generate a fee under the Bankruptcy Court Miscellaneous Fee Schedule.  However, with the case not having been reopened, and with the filing of the *Amendment to List of Creditors* being stricken, no fee shall be charged.

It is

---

[1] Moreover, it would be too late to seek relief under Fed. R. Bankr. P. 9023.  Similarly, under Fed. R. Bankr. P. 9024, incorporating in relevant part Fed. R. Civ. P. 60, it almost certainly would be too late to seek to vacate the dismissal order. Under Rule 60(c)(1), a motion for relief from an order under Rule 60(b) "must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after entry of the . . . order . . . ."

ORDERED that Stewart's motion to reopen (Dkt. No. 52) is DENIED.  It is further

ORDERED that the *Amendment to List of Creditors* (Dkt. No. 53) is stricken and no fee shall be charged for the filing of that *Amendment to List of Creditors*.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of orders.